IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALMA J. FRAZIER**                                                                                           **PLAINTIFF**

**VERSUS**                                                            **CIVIL ACTION NUMBER** 2:20-cv-202-KS-MTP

**THE UNITED STATES OF AMERICA**                                                     **DEFENDANT**

## COMPLAINT

**COMES NOW** the Plaintiff, Alma J. Frazier ("Frazier) individually, and files this her Complaint against the above-named Defendant, The United States of America, and John Does 1-5, and for cause would state the following, to-wit:

### PARTIES

1. Frazier is an adult citizen of the United States of America and resides in Jones County, Mississippi.

2. Certain events, matters, personal injuries, and damages that are the subject of this Complaint constitute a cause of action, cognizable under Title 28 USC §2671, *et seq.*, of the Federal Tort Claims Act, hereinafter referred to as "FTCA", for purposes of imposing *respondent superior* liability upon the United States Government.

3. The United States of America, is a legal entity capable of being sued under the FTCA. The Defendant may be served with process by serving the United States Attorney or Assistant United States Attorney for the Southern District of Mississippi.

### BACKGROUND AND FACTS

4. The United States of America is justly and truly indebted, both jointly and severally, and *in solido,* unto Frazier for damages reasonable in the premises, together with legal interest

thereon, from the date of Judgment and demand until paid and for all costs of these proceedings for the following, to-wit:

5. On or about July 7, 2018, at approximately 10:45 a.m., Frazier was a passenger in a vehicle driven in a safe and reasonable manner by Lou Aldridge Ulmer ("Ulmer") traveling on County Road 377 in Heidelberg, Mississippi.

6. On the aforementioned date and time, the wrongful party, Courtney Jones, who was employed by the United States of America, was operating her vehicle in scope and course of her employment with the United States of America, and in violation of her duty to exercise due care and contrary to the rules of the road, failed to keep a proper lookout while traveling on County Road 377, in Heidelberg, Mississippi.

7. More specifically, the Ulmer vehicle Frazier occupied entered the curve on County Road 377 when suddenly and without warning Courtney Jones, who was traveling in the opposite direction, improperly crossed the center line of County Road 377, and collided with Ulmer's vehicle, in which Frazier was a passenger, and pushed the vehicle off the road.

8. At all times pertinent herein, the wrongful party, Courtney Jones, was an employee of the United States of America and was acting in the line of duty with the United States Postal Service.

9. Frazier subsequently instituted a formal claim for damages and injuries with the appropriate federal agency, pursuant to §2675 of the Federal Tort Claims Act.

10. The United States Government denied the claim on January 6, 2020.

11. Frazier timely submitted a request for reconsideration.

12. The United States again denied Frazier's claim on November 3, 2020, and advised Plaintiff that she may proceed with suit no later than six (6) months from the date of the mailing of the letter. (See **Exhibit 1**, USPS letter dated November 3, 2020.)

## COUNT I - CLAIMS FOR NEGLIGENCE
## AGAINST DEFENDANT COURTNEY JONES

13. Frazier incorporates and re-alleges all previous paragraphs set out herein.

14. Frazier's injuries and damages, as hereinafter set forth, were caused by the negligent acts, omissions and/or commission on the part of the Courtney Jones, due to her failure to operate her vehicle in a proper, prudent, safe and lawful manner, including, particularly, but not limited to the following:

   a. Failing to keep her vehicle in her lane of traffic;

   b. Failing to keep a proper and attentive lookout;

   c. Driving recklessly and failing to keep her vehicle under proper control;

   d. Failing to have due and proper regard for the safety of others;

   e. Failing to act by which to avoid the collision;

   f. Failure to remain at the scene and properly report the accident pursuant to the Rural Carrier Duties and Responsibilities, Section 173;

   g. Failing to see what must be seen; and

   h. Any other acts of omission or commission which may be proved at a trial of this action, all of which are in violation of the dictates of common sense and the applicable laws, regulations, statutes, and ordinances.

15. As a result of the foregoing, Plaintiff, Lou Frazier, sustained severe personal injuries to neck and shoulders, as well as other portions of the body. Frazier also suffers from persistent migraines several times a week, which has interfered with her ability to run her household, tend to her grandchildren, or enjoy her usual daily activities.

## COUNT II- PER SE VIOLATIONS OF STATUTORY LAWS AND DUTIES

16. Frazier incorporates and re-alleges all previous paragraphs set out herein.

17. At the time of the wreck in question, the following statutes of the State of Mississippi were in full force and effect and were violated by Jones, constituting negligence *per se*.

  a. violated MCA § 63-3-1213, by driving her motor vehicle in a careless and imprudent manner without due regard for traffic and all other attendant circumstances;

  b. violated MCA § 63-3-619(1) by failing to have due regard to the speed of the vehicles and the traffic conditions at the time.

  c. violated MCA § 63-3-505, by failing to slow or otherwise maneuver her motor vehicle so as to avoid colliding with the motor vehicle in front of him and being operated by Jones.

  d. violated MCA § 63-3-1201 by driving her vehicle in such a manner as to indicate either a willful or a wanton disregard for the safety of persons or property;

  e. violated MCA § 63-3-1213 by driving her vehicle in a careless or imprudent manner, without due regard for the width, garade, cures, corner, traffic and use of the stresses and highways and all other attendant circumstances.

  f. violated MCA § 63-3-603; by failing to properly and reasonably ascertain that the changing of lanes could be made safely;

18. Additionally, Courtney Jones was required to operate her vehicle in a safe manner as directed in the Rural Carrier Duties and Responsibilities, Section 171.1, but filed to do so.

19. One, some or all of the aforesaid acts of negligence were the direct and proximate cause of the collision at issue and Frazier's resulting injuries.

## COUNT III - CLAIMS FOR *RESPONDENT SUPERIOR*

20. Frazier incorporates and re-alleges all previous paragraphs set out herein.

21. At the time of the collision described herein, Courtney Jones was acting within the course and scope of her employment with the United States.

22. Any and all negligent acts or omissions of Courtney Jones are directly imputed to the

United States, and the United States is responsible for the injuries and damages resulting from Courtney Jones' negligent acts and/or omissions under the doctrines of vicarious liability and respondent superior.

### COUNT IV- NEGLIGENT HIRING, NEGLIGENT TRAINING, NEGLIGENT RETENTION, AND NEGLIGENT SUPERVISION, AND IMPROPER VEHICLE MAINTENANCE & INSPECTION

23. Frazier incorporates and re-alleges all previous paragraphs set out herein.

24. The United States has a duty to act reasonably in hiring, retaining, training and/or supervising Courtney Jones and to promulgate and enforce rules and regulations to ensure that postal carriers and the vehicles which they own or which operate on their behalf are reasonably safe.

25. The United States failed and breached the above-mentioned duties and was therefore negligent.

26. The negligence of the United States was the direct and proximate cause of the collision at issue and of Frazier's resulting injuries and damages.

27. The United States failed to verify Courtney Jones' driving record and experience in violation of its own requirements. See External Publication for Job Posting 85677632 and Publication 181 PSN 7610-08-000-3856.

28. The United States failed to instruct, train, or supervise Courtney Jones of the proper procedures following an accident in accordance with Rural Carrier Duties and Responsibilities, Section 173.

### DAMAGES

29. Frazier incorporates and re-alleges all previous paragraphs set out herein.

30. Defendants' actions and inactions demonstrate a conscious disregard for the rights and safety of Frazier and the rest of the public. Therefore, Frazier demands punitive damages against Defendant.

31. As a result of the aforementioned acts and/or omissions, Defendants are liable for all elements of damages, past, present, and future, arising from the injuries of Frazier, including:

    a.. Damages to Frazier's vehicle;

    b. Damages for the physical pain and suffering of Frazier;

    c. Damages for mental anguish and horror suffered by Frazier.

In accordance with the foregoing, Frazier is entitled to receive damages, reasonable in the premises, which damages should include sums for past, present and future medical expenses; past, present and future physical pain and suffering and past, present and future mental anguish, costs of court, expert expenses, punitive damages, pre-judgement, and post-judgement interest.

WHEREFORE, PREMISES CONSIDERED, Frazier prays that there be a Judgment herein against the Defendants, The United States of American, *in solido* for a sum reasonable in the premises, together with legal interest on all amounts prayed for from the date of Judgment until paid, for all costs of these proceedings and for all other general and equitable relief Frazier may be entitled to.

RESPECTFULLY SUBMITTED this the 12th day of November, 2020.

**ALMA FRAZIER, Plaintiff**

/s/ *P. Manion Anderson*
COUNSEL OF RECORD

P. MANION ANDERSON, MSB #104250
NICHOLAS A. PUCKETT MSB # 105599
SAMUEL S. MCHARD, MSB #100295
McHARD, McHARD, ANDERSON & ASSOCIATES, PLLC
140 Mayfair Road, Suite 1500
Hattiesburg, MS 39402
P: (601)-450-1715
F: (601)-450-1719
manderson@mchardlaw.com; smchard@mchardlaw.com; npuckett@mchardlaw.com